13 F.3d 406
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jose Arsenio MARTINEZ, a/k/a Archie Martinez, Plaintiff-Appellee,
v.
UNITED STATES of America, Defendant-Appellant.
 No. 92-2210.
 United States Court of Appeals, Tenth Circuit.
 Nov. 22, 1993.
 
 ORDER AND JUDGMENT[1]
 Before LOGAN, SEYMOUR, and MOORE, Circuit Judges.
 
 
 1
 The United States appeals a judgment under the Federal Tort Claims Act holding Gershon Bergeisen, a federal public health doctor, liable for injuries sustained by his former patient. The court determined after prescribing Antabuse to treat plaintiff's alcoholism, Dr. Bergeisen was negligent for failing to note on plaintiff's chart a requirement for follow-up liver function tests. The district court reached this decision because a second physician on the case, Dr. Press, failed to require the follow-up tests, and plaintiff ultimately suffered a near fatal liver disease. As a consequence of the illness, plaintiff was required to have a liver transplant. Judgment was entered for $996,536.78.
 
 
 2
 The government raises two issues. First, it contends the district court erred by not finding the action of Dr. Press an intervening cause which would absolve the government of liability. Second, appellant argues, if we conclude the district court did not err in eschewing its intervening cause theory, we must remand for an apportionment of damages between the two doctors. We hold the government is not entitled to application of the intervening cause theory, but the district court did err by not resolving the comparative negligence issue. We therefore affirm in part, but remand for further consideration.
 
 
 3
 The fulcrum for our decision is a critical finding made by the district court that:
 
 
 4
 Because of the potential harmful effect of antabuse to the liver, the standard of care for a family practitioner in New Mexico for 1988 for antabuse therapy required base-line liver function tests to be drawn by a doctor at the beginning of treatment with follow-up liver function tests to be done two to four weeks after the initiation of therapy or at the next visit and to be repeated at various intervals thereafter.
 
 
 5
 The court also found the standard of care requires a family practice physician to note on a patient's chart "directions indicating the need for follow-up liver function testing." Because of the these standards and Dr. Bergeisen's failure to make the chart notation, the court concluded Dr. Bergeisen was negligent even though he had called for the proper testing prior to prescribing Antabuse.
 
 
 6
 The government maintains the district court erred because it concluded Dr. Press' violation of the standard of care was foreseeable, thus leading the district court into an erroneous conclusion that Dr. Press' actions were not an intervening cause of Mr. Martinez' injuries. The government argues the district court's holding is inconsistent because it did not hold Dr. Press to the standard of care he would have been required to follow had he been the original treating physician.
 
 
 7
 Notwithstanding the facial logic of the government's argument, it does not comport with a long-standing view of this court. In Jess Edwards, Inc. v. Goergen, 256 F.2d 542, 544 (10th Cir.1958), applying the law of New Mexico to an argument a doctor's negligence is not foreseeable and, therefore, an intervening cause, we stated:
 
 
 8
 Foreseeability applies only to the extent that the tort-feasor should have anticipated that his negligence would result in injuries requiring medical treatment. The tort-feasor must recognize the "risk involved in the human fallibility of physicians, surgeons, nurses and hospital staffs which is inherent in the necessity of seeking their services."
 
 
 9
 Thus, despite Dr. Press' failure to follow the appropriate standard of care, his failure was foreseeable and cannot be an intervening cause absolving Dr. Bergeisen of liability. Id.
 
 
 10
 The same result cannot be applied to the issue of comparative negligence, however. It is arguable that if the standard of care applicable to all family practitioners requires follow-up liver function tests, Dr. Press' failure to prescribe them would be negligence by definition. Moreover, the record contains ample evidence that Dr. Press' failure to order the follow-up tests violated the standard of care, although it also contains evidence to the contrary.
 
 
 11
 Under these circumstances, we disagree with plaintiff that we should infer the district court's silence on the issue is a ruling Dr. Press was not negligent. At best, the court's ruling is equivocal. We believe an essential question of comparative negligence has not been resolved. Because New Mexico law requires the apportionment of damages when the negligence of more than one person results in an injury, that question must be answered. Indeed, in New Mexico, failure to apportion damages among tort-feasors, including those not joined as parties, is reversible error. Cleveland v. Piper Aircraft Corp., 890 F.2d 1540, 1550-51 (10th Cir.1989).
 
 
 12
 The judgment of the district court is AFFIRMED IN PART, and the cause is REMANDED for further proceedings.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R.36.3